■ RAYMOND G. MORAN, Respondent, v. PORT CHESTER IRON WORKS, INC., Appellant-Respondent, WILLIAM J. LONG, Respondent-Appellant, and NOBLE J. WALKER et al., Respondents.— In an action to recover damages for personal injuries, in which the defendant, Port Chester Iron Works, Inc., in its amended answer pleads, pursuant to section 264 of the Civil Practice Act, two cross complaints for relief over against its codefendant Long, said defendant and codefendant cross-appeal from an order of the Supreme Court, Rockland County, dated March 28, 1960, and entered in Dutchess County on May 2, 1960: (1) said defendant appeals from so much of said order as grants the motion of the codefendant Long to dismiss the second cross complaint on the ground that it fails to state facts sufficient to constitute a cause of action for relief over against him, codefendant Long; and (2) said codefendant appeals from so much of said order as denies his motion to dismiss the first cross complaint on the ground that it fails to set forth facts sufficient to constitute a cause of action for relief over against him. The first cross complaint is based on the theory of indemnification by contract. The second is based on the theory of indemnification under the common law, namely: that the accident which resulted in plaintiff's injuries was caused by the sole active negligence of the codefendant Long and that the defendant corporation was guilty only of passive or secondary negligence. On the basis of each cross complaint said defendant corporation seeks judgment over against said codefendant in the event that plaintiff succeeds in recovering judgment against it, the defendant corporation. Order modified by striking out its first decretal paragraph dismissing the second cross complaint contained in the amended answer of the defendant corporation, Port Chester Iron Works, Inc., and by substituting therefor a paragraph denying the motion of the codefendant Long to dismiss such cross complaint. As so modified, order affirmed, with $10 costs and disbursements to said corporate defendant. As a pleading, the first cross complaint is sufficient (cf. *Brown* v. *Fuller Co.,* 3 A D 2d 830). The second cross complaint, read in the light of the allegations in the plaintiff's complaint, is also sufficient (see, e.g., *Brady* v. *Weiss & Sons,* 6 A D 2d 241; *Robinson* v. *Bingamton Constr. Co.,* 277 App. Div. 468). Nolan, P. J., Ughetta, Christ. Pette and Brennan, JJ., concur.

■ INGRID PETTERSEN, Respondent, v. SALVATION ARMY, INC., Appellant. — In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County, dated June 13, 1960, which denies its motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.